# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**ANTONIO D. LENOIR**
**ADC # 116451**                                                            **PLAINTIFF**

**V.**                              **CASE NO. 2:11CV00114 SWW/BD**

**RAY HOBBS,** *et al.*                                                      **DEFENDANTS**


## RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District

Judge Susan Webber Wright.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than fourteen (14) days from the date of this recommendation.  A copy will be furnished

to the opposing party.  Failure to file timely objections may result in a waiver of the right

to appeal questions of fact.

Mail your objections and/or "statement of necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.      Discussion:**

Plaintiff Antonio D. Lenoir, an Arkansas Department of Correction ("ADC")

inmate, filed this case pro se under 42 U.S.C. § 1983.  (Docket entry #2) He alleges that

the Defendants failed to respond to his disciplinary appeal within ten days as required by

ADC policy.

Federal courts are mut screen prisoner complaints seeking relief against a

government entity, officer, or employee and dismiss any part of a complaint raising

claims that are frivolous, malicious, fail to state a claim upon which relief may be

granted, or seek money from a defendant who is immune from paying damages. 28 U.S.C

§ 1915A(b).

The failure to follow ADC policy does not state a claim for relief under 42 U.S.C.

§ 1983.  See *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006)

(citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).  Therefore, Mr.

Lenoir has not stated a constitutional claim.

**III.     Conclusion:**

Mr. Lenoir's claim should be DISMISSED with prejudice.  It is recommended that

the Court certify that an *in forma pauperis* appeal of this matter would be frivolous and

deem this dismissal a "strike" for purposes of 28 U.S.C. § 1915(g).

DATED this 12th day of July, 2011.

_____
UNITED STATES MAGISTRATE JUDGE